Eleazar HERRERA–VENEGAS, et al., Plaintiffs, Appellants,

v.

Felipe Benicio SANCHEZ–RIVERA, et al., Defendants, Appellees.

No. 82–1375.

United States Court of Appeals, First Circuit.

June 3, 1982.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

---

* *See also, id.*, page 266 n.27, 97 S.Ct. 2358 n.27, "engaged in . . . building a vessel."

## MEMORANDUM AND ORDER

A non-lawyer prisoner has asked this court to enter his appearance as "Paralegal Counsel" in this appeal brought by two fellow prisoners from dismissal of their civil rights suit. Additionally, he asks that copies of all correspondence in this matter be served upon him.

■ While *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) and, more particularly, *Wolff v. McDonnell*, 418 U.S. 539, 577–580, 94 S.Ct. 2963, 2985–2986, 41 L.Ed.2d 935 (1974), guarantee prisoners the right to seek assistance and advice on legal matters from other inmates in certain matters, these cases do not sanction representation during litigation by non-party laypersons.

The federal courts have consistently rejected attempts at third-party lay representation. *United States v. Taylor*, 569 F.2d 448 (7th Cir.), *cert. denied*, 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978) and cases cited therein. By law an individual may appear in federal courts only pro se or through legal counsel. 28 U.S.C. § 1654.

One of many good reasons for distinguishing assistance and advice from representation is that a party may be bound, or its rights waived, by its legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility. In addition, remedies and sanctions are available against the lawyer that are not available against the fellow inmate, including misconduct sanctions and malpractice suits. Conversely, if the party inmate commits a costly procedural or other error, the fault is his own and may not be shifted to his in-house advisor, because the right to assistance protected by the case law is meant to further access to the courts, not to shield an inmate against responsibility for errors once access has been obtained.

■ We, therefore, decline to accept the appearance of Sylvester Jones in this case. In doing so we do not wish to be understood as saying that the appellants are not free to accept the advice and assistance of Jones or any other person. We simply mean that while appellants are unrepresented by counsel, they must take legal responsibility for, and must themselves sign all papers filed in this court relative to their own case or cases. By the same token, any papers served by the court or opposing parties shall be served on the appellants only. In other words, unless represented by counsel, the appellants are solely responsible for the handling of this case.

This distinction between the right to "in-house" assistance and "in-house" representation in court may seem to be a narrow one. Yet it is an essential distinction which is vital to the satisfactory conduct of litigation and to the protection both of the court and the inmate.

*So ordered.*