Effie Mae **LEWIS**, Plaintiff-Appellant,

v.

**LENC–SMITH MANUFACTURING COMPANY, now known as Bally, L.S., Defendant-Appellee.**

No. 85–2289.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 7, 1986.[*]

Decided Feb. 27, 1986.

Anna Marie Wright, Management Consultant Services, Chicago, Ill., for plaintiff-appellant.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Defendant-Appellee responded and suggested oral argument was not needed. Anna Marie Wright responded on behalf of Effie Mae Lewis and objected to defendant-appellee's statement but did not request oral argument. Upon consideration of these statements, the briefs, and the record, the appeal has been submitted on the briefs and record.

Ralph A. Morris, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, Chief Judge, WOOD and RIPPLE, Circuit Judges.

PER CURIAM.

Defendant alerts us to a matter that occurs not infrequently and is not covered by the Federal Rules of Appellate Procedure or this Circuit's Rules. At the time the district court entered summary judgment against her on the employment discrimination action that she brought in federal court, Effie Mae Lewis was not represented by counsel.[1] Lewis did not appeal. Three months later, however, Lewis attempted to file an amended complaint, but the district court summarily denied the motion in open court. While the court later granted Lewis leave to file an appeal *in forma pauperis*, she did not sign the notice of appeal. Rather, it was signed by Anna Marie Wright who claims to run a management consulting service that specializes in court-related grievances. Wright then entered her appearance in this court as counsel for Lewis and filed a brief on her behalf. But Wright is not a member of the bar of this court, and it is this court's understanding that she is not an attorney.[2]

■■■ Although the Federal Rules of Appellate Procedure and this Circuit's

Rules are silent as to whether non-lawyers may represent anyone other than themselves, it is clear that an individual may appear in the federal courts only *pro se* or through counsel. 28 U.S.C. § 1654,[3] *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C.Cir.1984); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982).[4] Many good reasons exist for the strict adherence to this rule, not the least of which is that a party may be bound, or his rights waived, by his legal representative. "When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility." *Herrera-Venegas*, 681 F.2d at 42. Further, the lay advocate lacks many of the attorney's ethical responsibilities—for example, to avoid litigating unfounded or vexatious claims. *See* Model Code of Professional Responsibility DR 7-102(A)(1) and (2) (1980); *Lepucki v. Van Wormer*, 765 F.2d 86, 87 (7th Cir.1985) (per curiam) ("lawyers ..., as officers of the court, have both an ethical and a legal duty to screen the claims of their clients for factual veracity and legal sufficiency"). *See also* Fed.R.Civ.P. 11. All too frequently non-lawyers, as here, bring less than considered appeals and present arguments in an inarticulate, if not totally incomprehensible, manner. Accordingly, we strike both the appearance of Anna Marie Wright

---

1. The record discloses that four attorneys, all of whom were either discharged or permitted to withdraw from the case, represented Lewis at various times before the district court. The last such attorney withdrew three and one-half months before the entry of summary judgment. No attorney has represented Lewis since that time.

2. Defendant informs us that Ms. Wright is not an attorney and has questioned the propriety of Wright's status to represent Lewis before this court. In response to a request that she file a statement indicating what reason, if any, might exist to allow her to represent Effie Mae Lewis on this appeal, Wright stated that "I am representing myself...." The remainder of her response is unintelligible.

Additionally, the Attorney Registration and Disciplinary Commission informs us that the records of the Clerk of the Illinois Supreme

Court do not indicate that Wright is admitted to practice law in Illinois.

3. Section 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654.

4. Similarly, it is well-established that a non-lawyer cannot represent or appear on behalf of a corporation in federal court. *Strong Delivery Ministry Association v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir.1976) (per curiam). This is so even when the person seeking to represent the corporation is its president and major stockholder. *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir.1981).

in this appeal and the brief that she filed. Lewis, since she is not represented by counsel, must take full responsibility for her appeal. *See Herrera-Venegas,* 681 F.2d at 42. As such, Lewis is required to sign the notice of appeal. While under similar circumstances other courts have dismissed the appeals of *pro se* appellants who failed to sign the notice of appeal, *see, e.g., Theriault v. Silber,* 579 F.2d 302, 302 n. 1 (5th Cir.1978); *Scarrella v. Midwest Savings and Loan,* 536 F.2d 1207, 1209 (8th Cir.), *cert. denied,* 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976); *McKinney v. DeBord,* 507 F.2d 501, 503 (9th Cir.1974); *cf. Covington v. Allsbrook,* 636 F.2d 63, 64 n. 2 (4th Cir.1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1990, 68 L.Ed.2d 305 (1981), we believe that the better procedure is to allow Lewis an opportunity to remedy the omission and to file a brief in her own right. *See K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir.1981) (it is unclear whether the failure of an attorney to file a corporation's notice of appeal deprives an appellate court of jurisdiction).

Accordingly, this appeal shall be dismissed unless within 30 days from the date of this opinion either Lewis or an attorney on her behalf signs the notice of appeal. Lewis' brief will be due 21 days after she signs the notice. If defendant wishes to respond, its brief will be due 21 days after the filing of Lewis' brief. The Clerk of the Court of Appeals is directed to transmit a copy of this opinion to the cognizant officials in the offices of the Illinois Attorney General and Cook County State's Attorney for the enforcement of state statutes dealing with the unauthorized practice of law.

It Is So Ordered.