848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David STEELMAN, Plaintiff-Appellant,
v.
Fate THOMAS, Eddie Smiley, Marc Nelson, George Perry, Bill
Hampton, Joyce E. Jordan and John Burns,
Defendants-Appellees.
 No. 87-6260.
 United States Court of Appeals, Sixth Circuit.
 May 26, 1988.
 
 Before LIVELY, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiffs David and Elizabeth Steelman appeal an order of the district court which dismissed their civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Upon examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs David Steelman and Elizabeth Steelman, a pretrial detainee at the Nashville Criminal Justice Center and his wife, respectively, filed applications for leave to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. Sec. 1983 in the district court for the Middle District of Tennessee. Upon review of those documents, the district court granted the requests for pauper status. Defendants, however, challenged that action on the ground that the affidavits of indigency were false, an allegation which they supported by submitting various financial records that indicated that plaintiffs enjoyed substantial income and possessed significant assets. After an evidentiary hearing at which Elizabeth Steelman did not appear and David Steelman refused to testify on the basis of his fifth amendment privilege against self-incrimination, a magistrate found that plaintiff David Steelman's allegation of poverty was indeed untrue and therefore recommended the dismissal of the complaint. Upon de novo review of the magistrate's report, the district court agreed in that assessment and dismissed the complaint. This appeal followed.
 
 
 3
 As an initial matter, the court has concluded that it presently lacks jurisdiction over the appeal, insofar as it pertains to Elizabeth Steelman. In particular, the notice of appeal, while identifying both Elizabeth and David Steelman as appellants, was signed only by the latter individual. As he is not an attorney authorized to represent others, his signature alone is ineffective to bring his spouse's claims before the court. Rather, so long as she is proceeding pro se, the notice of appeal must bear her signature in order to invoke this court's jurisdiction. 28 U.S.C. Sec. 1654; Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 831 (7th Cir.1986). We therefore possess jurisdiction over this appeal only to the extent it is brought by David Steelman and not by his wife, Elizabeth Steelman. Accordingly, the appeal will be dismissed as to Elizabeth Steelman unless within thirty days of the date of the entry of this order either she or an attorney on her behalf signs the notice of appeal. Elizabeth Steelman's brief will be due twenty-one days after her signature of the notice of appeal. Thereafter, should defendants wish to respond, their brief will be due twenty-one days after the filing of Elizabeth Steelman's brief.
 
 
 4
 Next, in regard to the dismissal of plaintiff David Steelman's claims on the ground that he had submitted a false affidavit of indigency, it is clear that the district court did not err in taking that action. 28 U.S.C. Sec. 1915(d) specifically authorizes a district court to dismiss a complaint should it be able to conclude that a plaintiff had obtained leave to proceed in forma pauperis on the basis of a false allegation of poverty. See also Thompson v. Carlson, 705 F.2d 868 (6th Cir.1983) (per curiam). The district court was justified in making that finding in this case as the financial records submitted by defendants all support the conclusion that David Steelman enjoyed significant income and possessed substantial real and personal property. Furthermore, at the evidentiary hearing before the magistrate, David Steelman declined to respond to the evidence produced by defendants on the basis of his privilege against self-incrimination under the fifth amendment. As the case is civil in nature, the failure to testify allowed the district court to draw an adverse inference against him. Baxter v. Palmigiano, 425 U.S. 308, 316-20 (1976); McKinney v. Galvin, 701 F.2d 584, 589 n. 1 (6th Cir.1983). As a result, the district court could properly find that plaintiff David Steelman's allegation of poverty was untrue and therefore exercise its authority under 28 U.S.C. Sec. 1915(d) to dismiss his claims.
 
 
 5
 Accordingly, the district court's final order of November 5, 1987, insofar as it concerns the claims of plaintiff David Steelman, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.