961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nazmina DHAMANI, Plaintiff-Appellant,
Akbarali Dhamani, et al., Plaintiffs,
v.
Lisa CHOING; James Roe Company, Employer of Lisa Choing;
Barry W. Littrell; Martin J. Gottesman, Dr.; Dale A.
Crawford, Judge; Tunney Lee King, Attorney; Charles Roger
Andrews; Eight Jurors, who gave judgment in the No.
90CV075257 case, names unknown, addresses unknown,
Defendants-Appellees.
 No. 91-4084.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's order dismissing her complaint for lack of jurisdiction and for failure to state a claim under Fed.R.Civ.P. 8(a) and 12(b)(6). She includes in her brief a request for appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dissatisfied with the outcome of a state court action, Nazmina Dhamani, with her husband and on behalf of her minor children, filed the underlying complaint. In her federal action, she alleged that the state court decision was contrary to law and fact and that she and her family were discriminated against because they are Asian-Indian Muslims and former residents of Kenya. The district court dismissed the complaint.
 
 
 4
 The plaintiffs filed a notice of appeal which named only Nazmina Dhamani and was unsigned. Ms. Dhamani was provided an opportunity to sign the notice of appeal and to avoid dismissal for lack of jurisdiction. See Carter v. Commissioner, 784 F.2d 1006, 1008 (9th Cir.1986); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 831 (7th Cir.1986) (per curiam).
 
 
 5
 Upon review, we again note that Nazmina Dhamani is the only appellant in this case. Following this court's earlier order, both Ms. Dhamani and her husband Akbarali Dhamani signed the notice of appeal and purported to sign on behalf of their children. Akbarali Dhamani and the children are not before the court because they were not named in the notice of appeal when filed. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988). This court cannot enlarge the time for filing a notice of appeal. See Fed.R.App.P. 26(b).
 
 
 6
 We conclude that the complaint was properly dismissed. The federal district court lacks authority to review a final judgment of a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 485-86 (1983). Ms. Dhamani failed to state a claim for relief under 42 U.S.C. § 1983 because defendants are entitled to judicial immunity for their conduct during trial proceedings. See Briscoe v. LaHue, 460 U.S. 325, 329-36 (1983); Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Moreover, attorneys do not act as state actors when they represent litigants before a court. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Finally, Ms. Dhamani failed to state a claim for relief under 42 U.S.C. § 1985 because her claims of conspiracy were vague and conclusory. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 7
 Accordingly, the request for appointment of counsel is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation