968 F.2d 1210
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
ETHAN H., et al., Plaintiffs, Appellants,
v.
STATE of New Hampshire, et al., Defendants, Appellees.
 No. 92-1098.
 United States Court of Appeals,
First Circuit.
 July 21, 1992
 
 Judith J. Horsley on brief pro se.
 John P. Arnold, Attorney General, and Stephen J. Judge, Senior Assistant Attorney General, on brief for appellees.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 This is an appeal from the dismissal of an action brought under 42 U.S.C. § 1983. Appellant, Dr. Judith J. Horsley, filed a complaint on behalf of herself and her minor son, Ethan. She attacked state child abuse proceedings, alleging that the State of New Hampshire, the New Hampshire Division for Children and Youth Services (DCYS) and its employees, two state judges, and a guardian ad litem conspired to deprive appellants of various federal and state rights. After the dismissal of her complaint, Dr. Horsley filed a notice of appeal, signed only by herself, in which she purported to appeal on behalf of herself and Ethan. In an order, we requested the parties to brief the threshold question whether Dr. Horsley could represent her son on appeal.
 
 
 2
 We now hold that Dr. Judith Horsley, acting pro se, may not represent her son in this appeal. See 28 U.S.C. § 1654 ("the parties may plead and conduct their own cases personally or by counsel ") (emphasis added). We have interpreted this statute as barring a non-lawyer from representing anyone else but himself or herself. See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); see also Lewis v. Lenc-Smith Manufacturing Co., 784 F.2d 829, 830-31 (7th Cir. 1986) (per curiam) (individual may only appear on appeal pro se or through counsel; striking appearance of non-lawyer); Georgiades v. Martin-Trigona, 729 F.2d 831, 834 & n.7 (D.C.
 
 
 3
 Cir. 1984) (non-lawyer may not appear on behalf of others on appeal).
 
 
 4
 We also note that the same rule holds true for district court proceedings. See Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent, appearing pro se, may not represent his child in federal court trial); Cheung v. Youth Orchestra Foundation of Buffalo, 906 F.2d 59, 61-62 (2d Cir. 1990) (a non-attorney parent must be represented by counsel when bringing an action on behalf of his or her child; court remanded case to district court to allow parent to retain lawyer or request appointment of counsel for child); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (court of appeals upheld district court's ruling that although parent had the right to represent himself, he did not have the right to represent his children). Thus, Ethan's claims are not before us on appeal.
 
 
 5
 As for Dr. Horsley's allegations, we have carefully reviewed the record and the briefs on appeal, and we affirm the district court's judgment for essentially the reasons stated in the magistrate judge's report and recommendation. The district court judge adopted the report when it dismissed the complaint. We only add that Dr. Horsley's amended complaint also fails to state a claim upon which relief may be granted. The only named defendant, DCYS, is not a "person" within the meaning of § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).
 
 
 6
 Thus, we affirm the judgment of the district court. Because we have disposed of the appeal on the merits, we need not address the second issue raised by Dr. Horsley on appeal.