976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Katherine CRIPPA, etc., et al., Plaintiffs, Appellants,
v.
Philip W. JOHNSTON, etc., et al., Defendants, Appellees.
 No. 91-1676.
 United States Court of Appeals,
First Circuit.
 October 1, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Katherine Crippa on brief pro se.
 Scott Harshbarger, Attorney General, and Steve Berenson, Assistant Attorney General, on State Defendants' Motion for Summary Affirmance and Memorandum in Support of State Defendants' Motion for Summary Affirmance, for appellees.
 Myles W. McDonough and Sloane and Walsh on brief for appellee Craig Fox.
 D.Mass.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 This is an appeal from a judgment of the district court dismissing an action brought under 42 U.S.C. § 1983 by appellant and her three minor children. The gist of the complaint concerned the placement of the children in foster care for the period July 1982 to June 1983. It alleged that various state officials and employees of the Massachusetts Department of Social Services (DSS) violated constitutional, federal and state law in the process of initiating and supervising the placement of the children in various foster homes.
 
 
 2
 Before reaching the merits of the appeal, we note two constraints on our review. First, although appellant and her children were represented by counsel below, appellant is appearing pro se on appeal. As a result, she may not represent her children in this appeal. See 28 U.S.C. § 1654 ("the parties may plead and conduct their own cases personally or by counsel ") (emphasis added). We have interpreted this statute as barring a non-lawyer from representing anyone else but himself or herself. See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); see also Lewis v. Lenc-Smith Manufacturing Co., 784 F.2d 829, 830-31 (7th Cir. 1986) (per curiam) (individual may only appear on appeal pro se or through counsel; striking appearance of non-lawyer); Georgiades v. Martin-Trigona, 729 F.2d 831, 834 & n.7 (D.C. Cir. 1984) (non-lawyer may not appear on behalf of others on appeal). Cf. Osei-Afriyie v. Medical College of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent, appearing pro se, may not represent his child in federal court trial); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) (court of appeals upheld district court's ruling that although parent had the right to represent himself, he did not have the right to represent his children). As a result, the substantive due process claim that the children suffered harm while in the custody of DSS and were not provided with adequate clothing and medical care is not before us.
 
 
 3
 Second, this court permitted appellant to submit district court memoranda as her brief on appeal. Accordingly, she filed a memorandum in opposition to the motion of three of the appellees for summary judgment. This filing, however, addresses only the state law claims asserted by appellant; the federal constitutional and statutory claims are not briefed. The general rule is that issues not raised in appellant's initial brief are waived. Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir. 1983). Technically, then, these claims are not before us on review.
 
 
 4
 Nonetheless, we have carefully considered the entire record and the other briefs filed on appeal. From this review, it is plain that the district court meticulously examined all of plaintiffs' claims, giving plaintiffs ample opportunity to provide support for them. Indeed, the court issued five memoranda and orders between December 1988 and June 1991. In so doing, it disposed of different claims against the various state defendants only when it was convinced that plaintiffs could not sufficiently bolster the allegations in the complaint. Because the memoranda are detailed and thorough, we see no reason to enter into a lengthy discussion of the court's rationale.
 
 
 5
 Thus, we affirm the judgment of the district court for essentially the reasons stated in these five memoranda and orders.