9 F.3d 113
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel B. CERRO and Adele P. Schultz Cerro, Defendants-Appellants.
 No. 92-2364.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 22, 1993.*
Decided Oct. 14, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Samuel B. Cerro appeals the district court's denial of his motion for a temporary restraining order and preliminary injunction to prevent the Internal Revenue Service (IRS) from seizing certain business assets belonging to his wife, Adele P. Schultz Cerro, in satisfaction of unpaid federal income taxes. We affirm the district court.
 
 I. BACKGROUND
 
 2
 Samuel B. Cerro (Cerro) and Adele P. Schultz Cerro (Adele Cerro) were married in 1982. Later that year, Cerro was convicted of five counts of conspiracy to distribute cocaine and three counts of filing false income tax returns for the years 1978, 1979 and 1980.[1] This case involves Cerro's challenge to the IRS's seizure of certain property found at the "Geisha House," a massage parlor in Madison, Wisconsin, owned and operated by Adele Cerro.
 
 
 3
 In April, 1992, the IRS applied to the district court for authorization to enter the Geisha House in order to seize property belonging to Cerro and Adele Cerro that was subject to levy in satisfaction of the tax liability of both Cerro and Adele Cerro for the taxable years 1984 through 1989, during which they had filed joint tax returns. Attached to the application was the affidavit of Internal Revenue Officer Val J. Thomas, which declared that Cerro and Adele Cerro owed an excess of $177,000 in back taxes, plus penalties and interest, for the years 1984 through 1989, that multiple levies had issued to bank accounts and had resulted in the collection of only $2,550.70, that a tax lien had arisen on all property owned by the taxpayers, and that a demand for payment of the assessed balance had been made. Thomas also declared that Adele Cerro's business assets were valued at $20,000, with a forced sale value of approximately $11,000. Pursuant to Section 6331 of the Internal Revenue Code, 26 U.S.C. Sec. 6331,[2] the district court issued an order authorizing agents of the IRS to enter the Geisha House to effect a levy on Adele Cerro's business assets. The IRS executed a writ of entry and seized Adele Cerro's assets from the Geisha House.
 
 
 4
 Cerro then filed a motion for a temporary restraining order and preliminary injunction on behalf of himself and Adele Cerro, requesting that the court enjoin the IRS from garnishing Adele Cerro's wages or earnings, or placing liens against Adele Cerro's property in order to satisfy Cerro's tax liability for the years 1978 through 1980, incurred prior to his marriage to Adele Cerro.[3] In support of this motion, Cerro declared that he had no property interest in the Geisha House or in the business conducted there. The district court denied Cerro's motion on the grounds that Sec. 7421(a) generally prohibits a suit by any person to enjoin the assessment or collection of a tax, and that the levy and collection actually effected by the IRS against the property of Adele Cerro for the years 1984 through 1990 (during which she and Cerro filed joint returns) was lawful under Secs. 6013(d)(3), 6321, 6323 and 6331. This timely appeal followed.
 
 II. ANALYSIS
 
 5
 On appeal, Cerro disputes that he and Adele Cerro filed joint tax returns for the years 1984 through 1990, or that they jointly owe back taxes for that period. Cerro further contends that Adele Cerro's assets were wrongfully levied to satisfy Cerro's tax liability for the years 1978, 1979 and 1980, for which he claims to bear sole responsibility. It is not entirely clear whether Cerro intended to bring an action against the IRS for return of the property or proceeds it had already obtained by levying Adele Cerro's business assets, or whether he seeks to enjoin the IRS from any further action against Adele Cerro to collect unpaid taxes. In either case, the district court was correct in denying Cerro's motion.
 
 
 6
 As a general matter, lawsuits seeking to enjoin the assessment or collection of a tax are prohibited by Sec. 7421, the Anti-Injunction Act.[4] This statute lists several exceptions to the general rule, one of which allows a party other than the taxpayer to bring an action for wrongful levy under Sec. 7426. Although Cerro does not expressly rely on Sec. 7426, it is the only statutory exception to the Anti-Injunction Act which might arguably apply to the facts of this case. By its express provisions, however, Sec. 7426(a)(1)[5] only allows a person other than the taxpayer against whom the tax was assessed to assert his or her interest in the property levied by instituting a civil action to recover the property, Sec. 7426(b)(2), or to prevent enforcement of the levy, Sec. 7426(b)(1). See, e.g., Horton Dairy, Inc. v. United States, 986 F.2d 286, 292 (8th Cir.1993).
 
 
 7
 The affidavit submitted by Revenue Officer Thomas demonstrates that both Cerro and Adele Cerro are persons against whom the tax was assessed within the meaning of Sec. 7426(a)(1), since the levy against Adele Cerro's business assets arose in order to satisfy the joint and several liability of Cerro and Adele Cerro for unpaid taxes during the years 1984 through 1990. See Sec. 6013(d)(3). Because Sec. 7426 only allows third parties who claim an interest in property subject to levy to bring suit to assert a wrongful levy, neither Cerro nor Adele Cerro have standing to invoke Sec. 7426 for purposes of recovering the property that was seized to satisfy their joint and several tax liability.[6] See 7426(a)(1); see also Frierdich v. United States, 985 F.2d 379, 380, 382-83 (7th Cir.1993); Horton Dairy, Inc., 986 F.2d at 292. If, on the other hand, we construe Cerro's motion as invoking Sec. 7426 to prevent the IRS from levying Adele Cerro's assets in satisfaction of Cerro's tax liability for the years 1978 through 1980, Cerro similarly lacks standing to bring an action under Sec. 7426. By the express terms of the statute, Cerro is the taxpayer against whom the tax was assessed, and not a third party seeking to vindicate a property interest alleged to have been wrongfully levied.[7]
 
 
 8
 Having failed to overcome the bar of the Anti-Injunction Act, the only remedy available to either Cerro or Adele Cerro is an action for a refund brought pursuant to Sec. 7422. Before either party may bring suit in federal district court under that section, an administrative claim for refund must be filed. See Sec. 7422(a); Goulding v. United States, 929 F.2d 329, 331 (7th Cir.1991), cert. denied, 113 S.Ct. 188 (1992). The administrative claim for refund is, moreover, a jurisdictional prerequisite to the filing of a refund suit. Goulding, 929 F.2d at 331. Nothing in the pleadings or record indicates that either Cerro or Adele Cerro ever filed the requisite administrative claim. Thus, Cerro has failed to invoke the jurisdiction of the district court for purposes of a refund suit pursuant to Sec. 7422. Cerro is therefore precluded from obtaining the relief he seeks.
 
 
 9
 The denial of Cerro's motion is accordingly
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Cerro is currently serving his sentence at the Federal Correctional Institution at Oxford, Wisconsin
 
 
 [2]
 Section 6331(a) provides in part:
 If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.
 Section 6331(b) provides in part:
 The term "levy" as used in this title includes the power of distraint and seizure by any means ... In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).
 Unless otherwise noted, all statutory references are to Title 26 of the United States Code.
 
 
 [3]
 In his pro se motion, Cerro neglected to indicate the statutory basis for his request of injunctive relief
 
 
 [4]
 Section 7421(a) provides:
 Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), and 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.
 
 
 [5]
 Section 7426(a)(1) provides:
 (1) Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
 
 
 [6]
 Cerro's bare allegation that he and Adele Cerro did not file joint tax returns during the years 1984 through 1990, and that they do not owe back taxes for that period is insufficient to meet the evidence brought forward by the IRS in support of its action
 
 
 [7]
 We observe, moreover, that Adele Cerro's signature does not appear on the notice of appeal or on any of the pleadings submitted to the district court or to this court. It is well-established that "an individual may appear in the federal courts only pro se or through counsel." Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir.1986). Cerro, a non-lawyer, may not represent his wife in this matter. See id