**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 03-1043

ESE AROR O'DIAH,

Plaintiff, Appellant,

v.

VOLKSWAGEN OF AMERICA, INC., ET AL.

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard,
Circuit Judges.

Ese A. O'Diah, on brief pro se.
Jeffrey S. Stern, Sugarman, Rogers, Barshak & Cohen, on brief for appellee Volkswagen of America, Inc.
James P. McKenna, Fuller, Rosenberg, Palmer & Beliveau on brief for appellees Elaine Lucas and The Commerce Insurance Company.

January 14, 2004

**Per Curiam**.  Pro se plaintiff-appellant Ese Aror O'Diah ("Ese") and also purportedly his father Aror Ark O'Diah ("Aror") appeal from the district court's dismissal of Ese's complaint on statute of limitations grounds.[1]  We review the dismissal of a complaint de novo, treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor.  Soto-Negron v. Taber Partners I, 339 F.3d 35, 38 (1st Cir. 2003).  Where, as here, the dismissal is predicated on a statute of limitations, we will affirm only if "the pleader's allegations leave no doubt that an asserted claim is time-barred."  LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).  After carefully reviewing the parties' briefs and the record, we affirm the dismissal of the present complaint.  We briefly address Ese's arguments.

Ese contends that the district court clerk failed to mail a copy of the court's November 21, 2002 ruling to him.  Because Ese did not make this complaint below, it is waived.  United States v. Bongiorno, 106 F.3d 1027, 1034 (1st Cir. 1997) (noting that arguments not raised in lower court cannot be advanced on appeal).  This claim has no merit in any event.  Ese did receive notice of the court's November 21, 2002 ruling.  Moreover, the record makes clear that Ese received the notice in a timely fashion.

---

[1] Aror was not a party below.  Accordingly, to the extent Aror is attempting to assert claims on his own behalf, those claims are not properly before us.

Ese next argues that the district court should have allowed his father Aror to represent him in this case. This claim also has no merit. See 28 U.S.C. § 1654 (providing, in pertinent part, that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel") (emphasis added). We have interpreted this statute as barring a non-lawyer from representing anyone but himself. Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982). Ese's father conceded at the hearing below that he is not an attorney. Although Ese asserts that he is incompetent, and, therefore, needs his father's representation, Ese has not established that he is incapacitated in any way. In addition, even assuming that Ese is incompetent and needed a representative, such as his father, to sue on his behalf, see Fed. R. Civ. P. 17(c), his father would still need to be represented by an attorney. See, e.g., Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61-62 (2d Cir. 1990) (holding that non-attorney parent must be represented by counsel when bringing an action on behalf of his child).

Ese also argues that the district court should have applied New York law, rather than Massachusetts law, with respect to the statute of limitations governing some of his claims. Ese did not present this choice-of-law issue to the district court. Accordingly, it is waived. Arrieta-Gimenez v. Arrieta-Negron, 859 F.2d 1033, 1037 (1st Cir. 1988). Ese's claim has no merit in any

event. First, as Ese acknowledges, both Massachusetts and New York provide for a three-year limitations period. See Mass. Gen. Laws ch. 260, § 2A; N.Y. C.P.L.R. § 214(5). Therefore, there is no conflict of law that would have necessitated choosing between the two. Lambert v. Kysar, 983 F.2d 1110, 1114 (1st Cir. 1993). In addition, the district court properly applied Massachusetts law. See Cosme v. Whitin Mach. Works, Inc., 417 Mass. 643, 645, 632 N.E.2d 832, 834 (1994) (noting that Massachusetts considers statutes of limitations as procedural, and, as the forum state, applies its own law).

Ese further argues that, even if Massachusetts law applies, the district court erred in dismissing his claims as time-barred. This claim also has no merit. As noted above, Ese does not dispute that the applicable limitations period is three years. His complaint was filed more than three years after his cause of action accrued. The district court properly rejected Ese's two attempts to render his claims timely. First, this lawsuit did not "relate back" to a series of lawsuits filed by Ese's father in New York federal district court. Fed. R. Civ. P. 15(c), which allows an amendment of a pleading to relate back to the date of the original pleading under certain circumstances, does not apply to a case filed in a different jurisdiction by a different plaintiff. Second, Ese has not shown that he is incompetent and was unable to

bring his claims in a timely fashion.  Accordingly, the district court properly dismissed his claims as time-barred.

Ese's assertions that the district court judge was biased are unsubstantiated and do not merit further discussion.

The judgment of the district court is <u>affirmed</u>.  <u>See</u> 1st Cir. R. 27(c).