ORDER
For more than four years, Simeon Robinson and a non-attorney, Ray Pratt, have pursued a series of lawsuits in which they have repeatedly accused LFG — Robinson’s now-bankrupt former commodities broker — of fraud. In the most recent chapter of this litigation, the district court dismissed as untimely Robinson’s appeal of a bankruptcy court’s decision denying his claims against LFG, and sanctioned Pratt for failing to pay sanctions that the bankruptcy court imposed for his abusive behavior and continuing unauthorized practice of law. We affirm both the district court’s dismissal of Robinson’s appeal and enforcement of the bankruptcy court’s sanctions against Pratt.
To provide context for these appeals, we briefly sketch the parties’ litigation history. Robinson’s dispute began in 1999 when he opened a commodities trading account in Pennsylvania with a brokerage firm affiliated with LFG. After losing about $9,000, Robinson filed a complaint with the Commodity Futures Trading Commission, alleging that LFG and several other defendants had defrauded him of more than $467,000. Robinson v. Alternative Commodity Traders, 2001 WL 741672 (CFTC July 2, 2001). Throughout the administrative proceedings, Pratt re *573 searched and drafted virtually all of Robinson’s filings and tried to represent Robinson despite numerous admonitions from the CFTC that he was not permitted to do so because he is not a lawyer. An administrative law judge expressed skepticism about the merits of Robinson’s claim, characterizing his allegations as “bizarre” and his damages calculation as “simply ridiculous.” But the ALJ never decided the merits because he dismissed LFG as a defendant after it declared bankruptcy in the midst of the proceedings, and dismissed the complaint against the remaining defendants because he found that Robinson and Pratt had engaged in “uncontrolled and uncontrollable” misconduct while prosecuting the claim. The ALJ noted that together Pratt and Robinson had “openly flouted” court orders, repeatedly filed “ridiculous pleadings,” and “generally embarked on a scurrilous campaign to discredit and scandalize these proceedings and the Court.” The ALJ also reported Pratt to the bar authorities in Pennsylvania.
Pratt and Robinson then turned to the bankruptcy court, where they filed a claim against LFG alleging falsely that the CFTC had awarded Robinson more than $350,000 and asking the court to consider Robinson as a creditor because of the purported judgment in his favor. The court ordered Pratt to stop providing legal assistance to Robinson and disallowed the claim because the CFTC had never awarded Robinson anything. Undeterred, Pratt and Robinson then filed another claim that made the same false allegation about the outcome of the CFTC proceeding, filed an adversary proceeding, and inundated the court with dozens of motions and objections, all of which were written in Pratt’s distinctive writing style and signed by either Robinson or Pratt himself. Pratt’s and Robinson’s filings — many exceeding 100 pages — reiterated their unsubstantiated allegations that LFG had committed fraud and violated the Racketeer Influenced and Corrupt Organizations Act. After the two men failed to appear at numerous hearings and otherwise disregarded several court orders, the bankruptcy court ordered Pratt and Robinson to reimburse the bankruptcy trust approximately $59,000 in legal fees for engaging in “vexatious, unreasonable, frivolous and serial bad faith behavior.” Robinson and Pratt refused to pay, so the bankruptcy court held both of them in civil contempt and sanctioned them another $2,500. The court also held Pratt in contempt of its order barring him from practicing law and tacked on another $10,000 in sanctions against him.
Robinson appealed the bankruptcy court’s decision to the district court, and attached to his complaint an affidavit from Pratt confirming that “I have engaged my assistance to Robinson in the preparation and writing of his Appeal and Appeal Brief.” Although Robinson’s complaint rehashed the fraud and RICO allegations raised in earlier proceedings, the district court determined that the only issue properly before it was whether Robinson had timely filed his appeal, and the court held that he had not. See Fed. R. Bankr.P. 8002. The district court also noted that Pratt admitted in his affidavit that he was continuing to try to represent Robinson, and that “in spite of the bankruptcy court’s orders, Pratt filed reams of paper in this Court.” The district court said that Pratt’s conduct “imposed significant burdens on the other parties and the court while giving Robinson no real help;” it held Pratt in civil contempt for failing to pay the bankruptcy court’s sanctions, and sanctioned him another $5,000.
Robinson’s and Pratt’s inappropriate conduct continues in this court. On *574 Robinson’s behalf, Pratt alone has again authored and signed both the opening and reply briefs (once again recounting extensively the allegations of fraud and RICO violations by LFG). But Pratt may not file a brief on Robinson’s behalf because he is not an attorney. See Lewis v. LencSmith Mfg. Co., 784 F.2d 829, 830 (7th Cir.1986) (pro se litigants may appear only personally or through counsel). Robinson has also filed a “brief’ comprised of a single sentence informing us that he is submitting several documents for our review. But this bare submission provides no cognizable legal argument, and accordingly any issues related to the merits of Robinson’s appeal are waived. See Fed.R.App. P. 28(a)(9); Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir.2001).
That leaves the sanctions levied against Pratt. This issue is properly before us because Pratt filed a separate notice of appeal challenging the imposition of sanctions, and he may properly appear on his own behalf. See Lewis, 784 F.2d at 830. Pratt addresses only the first sanctions levied by the bankruptcy court and not the additional sanctions resulting from the three contempt orders.
Pratt makes three arguments about why he believes the sanctions were unwarranted, but none of his contentions have merit. First, Pratt argues that he should not have been sanctioned because he says he temporarily ceased assisting Robinson after the bankruptcy court ordered him to stop. But after the court’s order, Robinson in fact filed another claim and then filed two motions to reconsider, each of which exceeded 100 pages. Although Pratt did not sign any of these submissions, the bankruptcy court found that Pratt had disregarded its directive to stop assisting Robinson, and we cannot say that this factual finding was clearly erroneous. See Barnhill v. United States, 11 F.3d 1360, 1367 n. 7 (7th Cir.1993). Pratt next argues, using somewhat puzzling logic, that his unauthorized practice of law should be excused because he says the RICO allegations are true and that the trustee committed a fraud on the bankruptcy court by contesting them. This argument has nothing to do with Pratt’s ability to appear on Robinson’s behalf, and is therefore frivolous. Finally, Pratt asserts without elaboration that he has acted in good faith throughout all of the proceedings. But the bankruptcy court determined that he had engaged in “serial bad faith behavior,” and Pratt points to nothing that would suggest that finding to be clearly erroneous. See id.
Pratt has been totally undeterred from attempting to provide unauthorized legal representation to Robinson despite repeated warnings from every court in which he has attempted to appear. The bankruptcy court did not abuse its discretion by imposing sanctions on Pratt. See United States v. Johnson, 327 F.3d 554, 562 (7th Cir.2003) (we review imposition of sanctions for an abuse of discretion); In re Volpert, 110 F.3d 494, 500 (7th Cir.1997) (bankruptcy court has authority to sanction abusive conduct).
Pratt and Robinson owe tens of thousands of dollars in unpaid sanctions. Accordingly, we ORDER the clerks of all federal courts within this circuit to return unfiled any papers submitted either directly or indirectly by or on behalf of either Simeon Robinson or Ray Pratt until all outstanding sanctions are paid. See Support Sys. Int’l, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir.1995). This filing bar will not apply to any criminal case in which either Pratt or Robinson is a defendant or to any applications for writs of habeas corpus. See id. Pratt and Robinson may each submit to this court, no earlier than two years from the date of this order, a motion *575 to modify or rescind this order. Furthermore, we also ORDER the Clerk of the Court to send a copy of this order to the Illinois Attorney Registration and Disciplinary Commission so that it may, as it sees fit, investigate the appropriateness of Pratt’s actions.
AFFIRMED.