DLD-183                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3289
_____

UNITED STATES OF AMERICA

v.

DANIEL K. MILLER


*FREDERICK H. BANKS,
                        Appellant
*(Pursuant to Fed. R. App.P. 12(a))
_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-15-cr-00174-001)
District Judge:  Honorable Cathy Bissoon

_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2018

Before: JORDAN, SHWARTZ and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 7, 2018)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

In 2015, the District Court ordered Frederick Banks to show cause why a vexatious litigant order (VLO) should not be entered against him based on years of filing frivolous pleadings. After considering Banks's response, the District Court entered a VLO limiting his filings. See Order, Banks v. Francis, Civ. No. 15-1400 (W.D. Pa. Dec. 8, 2015).[1]

In June 2017, Daniel Miller pleaded guilty to criminal charges in the District Court for the Western District of Pennsylvania. In July 2017, as a purported "next friend" to Miller, Banks filed a habeas petition under 28 U.S.C. § 2241 and motions for bail, to dismiss, and for leave to file on Miller's behalf. He argued that Miller, who was represented by counsel, was mentally incapacitated and did not have access to the Court. The District Court ordered Banks to show cause why the VLO should not be extended to filings made by Banks in other litigants' cases. Banks responded, arguing that an extension of the VLO would violate due process. He contended that he has a constitutional right to file "next friend" petitions.

By order entered October 3, 2017, the District Court extended the VLO to include filings made by Banks on behalf of anyone. It prohibited Banks from filing materials in a representative capacity until he complied with the provisions of the VLO and demonstrated the propriety of allowing him to act in a representative capacity. Banks filed a notice of appeal.

---

[1] Banks's appeal from that order was dismissed for failing to pay the filing fee. C.A. No. 15-3989.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's extension of the filing injunction for an abuse of discretion. Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). Citing Johnson v. Avery, 393 U.S. 483, 490 (1969), Banks argued in his response to the show cause order that he has a right to draft filings for other inmates. In Johnson, the Supreme Court held that a prison regulation which barred inmates from helping others in preparing legal filings was unconstitutional. Id. Here, however, Banks is not seeking to merely assist other inmates with drafting their filings; he is seeking to file them under his name on their behalf. As a layperson, he cannot do so. A non-attorney cannot represent another party, even if acting as a next friend. See Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (next friends may not conduct litigation pro se); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-attorney next friend must be represented by an attorney in order to represent incompetent litigant); see also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent cannot represent interests of children); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) (litigant may appear in federal court only through counsel or pro se); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (per curiam) (same).

Because Banks may not represent others, the District Court did not abuse its discretion in extending the VLO to include Banks's filings on behalf of others. Accordingly, we will summarily affirm the District Court's order.

3