DLD-139

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3194
_____

FREDERICK H. BANKS, as next friend of Mustafa Allah Waymer,
Faith Hodgepath, Henry James Mason, Thousands of Female Human
Trafficking Victims, and Humana
Appellant

v.

JUDGE CYNTHIA REED EDDY; UNIVERSITY OF NORTH CAROLINA;
CHAPEL HILL POLICE DEPARTMENT; ATLANTA POLICE DEPARTMENT;
STATE OF GEORGIA; UNITED STATES ATTORNEY; FEDERAL BUREAU OF
INVESTIGATION; CENTRAL INTELLIGENCE AGENCY; WARDEN HENRY;
HANK, County Jail Sherrif; AUSTRIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-01465)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 12, 2020
Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: April 14, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

PER CURIAM

Frederick Banks appeals the District Court's order dismissing a petition filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will summarily affirm the District Court's order.

In August 2019, Banks filed a § 2241 petition purportedly on behalf of several other people seeking their discharge from confinement. He also requested, inter alia, that the District Court order the United States Attorney to present evidence of human trafficking to a grand jury. He appeared to argue that a deceased Native American woman was entitled to a federal investigation of her murder. He challenged a decision made by Magistrate Judge Eddy to deny bail to another criminal defendant. The District Court denied the petition because Banks had not established that he had standing to bring claims on the behalf of the petitioners. Banks filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. 1291.

The purpose of the next-friend procedure is to afford access to the courts to a "real party in interest [who] is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore v. Arkansas, 495 U.S. 149, 165 (1990); see also In re Zettlemoyer, 53 F.3d 24, 27 (3d Cir. 1995), as amended (May 2, 1995) (per curiam). Next-friend standing is proper where the next-friend applicant has a significant relationship with the real party in interest, and the next-friend applicant is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Id. at 163-64. We agree with the District Court that Banks lacked next-friend standing to

2

pursue this petition. Banks failed to demonstrate, among other things, that the petitioners are unable to litigate their own case or that he has a significant relationship with any of them.

Moreover, as a layperson, Banks cannot represent other parties. A non-attorney cannot represent another party, even if acting as a next friend. See Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (next friends may not conduct litigation pro se); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-attorney next friend must be represented by an attorney in order to represent incompetent litigant); see also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent cannot represent interests of children); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) (litigant may appear in federal court only through counsel or pro se); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (per curiam) (same).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.