CLD-186                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3778
_____

LAUREL MICHELE SCHLEMMER

v.

CENTRAL INTELLIGENCE AGENCY; WARDEN ALLEGHENY COUNTY JAIL;
ATTORNEY GENERAL PENNSYLVANIA; DISTRICT ATTORNEY ALLEGHENY
COUNTY; COMMONWEALTH OF PENNSYLVANIA

FREDERICK H. BANKS,
Appellant
*(Pursuant to FRAP 12(a))
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 15-cv-01583)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 7, 2020
Before:  JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed: May 13, 2020)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

PER CURIAM

Frederick Banks appeals the District Court's order denying his motion to reopen. For the reasons below, we will summarily affirm the district court's order.

In 2015, Banks filed a motion pursuant to 28 U.S.C. § 2241 on behalf of Laurel Schlemmer. Schlemmer's attorney, Michael Machen, informed the District Court that Schlemmer had no knowledge of the petition. Because Schlemmer had not authorized the action, the District Court dismissed it with prejudice. Banks continued to file motions, arguing that he had filed the petition as Schlemmer's next friend.[1] The District Court denied these motions, concluding that Banks could not act as Schlemmer's next friend.

In 2019, Banks filed a motion to reopen the case and to hold Machen in contempt. He asserted that Machen lied when he told the Court that Schlemmer had no knowledge of the petition. The District Court denied the motion, and Banks filed a notice of appeal.

The District Court did not err in denying the motion to reopen and motion to hold Machen in contempt. To the extent that the motion to reopen was based on Fed. R. Civ.

---

[1] The purpose of the next-friend procedure is to afford access to the courts to a "real party in interest [who] is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore v. Arkansas, 495 U.S. 149, 165 (1990); see also In re Zettlemoyer, 53 F.3d 24, 27 (3d Cir. 1995), as amended (May 2, 1995) (per curiam). Next-friend standing is proper where the next-friend applicant has a significant relationship with the real party in interest, and the next-friend applicant is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Id. at 163-64.

P. 60(b)(3), which allows relief from judgment based on fraud, the motion was untimely. See Fed. R. Civ. P. 60(c) (motion pursuant to Rule 60(b)(3) must be made within a year of the judgment). To the extent that it was based on Rule 60(b)(6), which allows relief from judgment for any other reason, Banks has not shown extraordinary circumstances. See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Nothing in the motion to reopen undermines the District Court's prior conclusion that Banks lacked next-friend standing to pursue the § 2241 petition. Banks failed to demonstrate, among other things, that he has a significant relationship with Schlemmer.[2]

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

[2] In addition, as a layperson, Banks cannot represent other parties. A non-attorney cannot represent another party, even if acting as a next friend. See Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (next friends may not conduct litigation pro se); Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) (non-attorney next friend must be represented by an attorney in order to represent incompetent litigant); see also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-lawyer parent cannot represent interests of children); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (per curiam) (litigant may appear in federal court only through counsel or pro se); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (per curiam) (same).

3