NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ARLENE FAYE HATTEN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1558

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01303-ZNS, Judge Zachary N. Somers.

---

**ON MOTION**

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

### O R D E R

In this appeal from the United States Court of Federal Claims, Peter Joseph Polinski submits a "brief" on behalf of, and signed by, Arlene Faye Hatten, seeking various relief.  ECF No. 8.  The United States opposes those requests and moves for summary affirmance.  ECF No. 15.  Mr.

Polinski and Ms. Hatten reply out of time and oppose summary affirmance.  ECF No. 22.[1]

In her complaint filed with the Court of Federal Claims, Ms. Hatten alleges, among other things, that her home was "wrongfully taken without due process" and names several state and local government officials and private entities as defendants.[2]  She asserts they committed various federal crimes (U.S. Code, title 18), violated title 42 and her constitutional rights, made "defamatory statements against the plaintiff," and committed "gross negligence."[3]  The United States moved to dismiss for lack of jurisdiction.

In granting the United States's motion, the Court of Federal Claims read the complaint as being directed against state and local officials and private entities rather than the United States and therefore concluded that it lacked subject matter jurisdiction.  More generally, it held that Ms. Hatten's claims cannot serve as a basis for invoking its jurisdiction, reasoning that (1) it lacked jurisdiction over criminal matters and torts; (2) jurisdiction over claims under title 42 lies in federal district court, not the Court of Federal Claims; (3) the constitutional provisions invoked other than the Takings Clause are not money-mandating; and (4) Ms. Hatten failed to plead that the federal government had anything to do with the taking of her property or

---

[1]    ECF No. 22 supersedes a prior version of the document docketed as ECF No. 21.  No action will be taken on ECF No. 21.

[2]    ECF No. 15 at Appx13, 16, and 19.

[3]    *Id*. at Appx25–26.

any of the other alleged violations of law.[4]  On December 20, 2024, the Court of Federal Claims entered judgment.

On February 20, 2025, Mr. Polinski filed a motion for reconsideration of the court's December 2024 judgment. That same day, the Court of Federal Claims ordered the motion stricken from the docket because Mr. Polinski was not barred in that court, ECF No. 15 at Appx1 (citing Rules 11(a) and 83.1(c) of the Court of Federal Claims (RCFC)). On March 17, 2025, a formal notice of appeal, signed only by Mr. Polinski, was filed from the February 2025 order. On April 7, 2025, a "brief" signed by Ms. Hatten was filed in this appeal, ECF No. 4, which we liberally construe as her notice to also appeal from the final judgment. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986).

This court lacks jurisdiction to review the Court of Federal Claims's December 2024 judgment, because Ms. Hatten did not file an appeal from that judgment within the 60-day deadline provided by 28 U.S.C. §§ 2522[5] and

---

[4]    Although recognizing that her filings discussed the Takings Clause, the court found that the "Plaintiff does not plausibly allege a taking by the United States" since, in Ms. Hatten's own words, "her property was taken, not by the United States, but by private entities and local officials." ECF No. 15 at Appx7.

[5]    Section 2522 provides: "Review of a decision of the United States Court of Federal Claims shall be obtained by filing a notice of appeal with the clerk of the Court of Federal Claims within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts."

2107(b),[6] *see Marandola v. United States*, 518 F.3d 913, 914 (Fed. Cir. 2008) (holding deadline to be jurisdictional); *cf. Henderson v. Shinseki*, 562 U.S. 428, 438–39 (2011) (indicating materially identical language in 38 U.S.C. § 7292 is jurisdictional), and there was no timely filing of one of the post-judgment motions that can toll the time to appeal the underlying judgment.

We have jurisdiction to consider the order striking the motion for reconsideration as the notice of appeal was timely filed from that order (but the appeal of that order "does not bring up the underlying judgment for review," *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978)).   We agree with the government, however, that summary affirmance of the order denying reconsideration is appropriate because there is no "substantial question regarding the outcome." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).   The Court of Federal Claims's rules require that plaintiffs proceed *pro se* or be "represented by an attorney . . . admitted to practice before [that] court," RCFC 83.1(c); *see also* RCFC 11(a) (requiring papers filed at that court to be signed by counsel or the party if unrepresented).   That rule fully accords with the practice of Article III courts.   *See* 28 U.S.C. § 1654. There is no dispute that Mr. Polinski was attempting to represent Ms. Hatten but is not a barred attorney.   *See* ECF No. 1-2.

The opening brief makes no non-frivolous, cogent argument that could support a different conclusion than the one reached by the trial court in this case.   The opening brief appears to argue that RCFC 83.1(c) unfairly restricts Mr. Polinski's ability to serve as a "Private Attorney General under 42 U.S.C. § 1988." ECF No. 9 at 6.   But nothing in

---

[6]   Section 2107(b) provides that in district court cases involving the United States, the time to appeal as to all parties is 60 days from the entry of judgment.

that statute authorized Mr. Polinski to act on behalf of others as he sought to do here. *See Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) ("[N]othing about the 'private attorney general' doctrine's fee-shifting provision authorizes non-attorneys to bring claims on behalf of others."). We have considered the remaining arguments raised in the brief and find them unavailing.

Accordingly,

IT IS ORDERED THAT:

(1)  ECF No. 22 is accepted for filing.

(2)  The United States's motion for summary affirmance is granted to the extent that the appeal is dismissed as to final judgment and summarily affirmed as to the Court of Federal Claims's order striking the motion for reconsideration.

(3)  All other pending motions are denied.

(4)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 12, 2025
Date