**TOLGA OIL CORP., Plaintiff,**

v.

**NUR–HAN INC. and Yasin Ozdenak, Defendants.**

**NUR–HAN INC., Plaintiff,**

v.

**TOLGA OIL CORP., Defendant.**

No. 86 CV 652.

United States District Court, E.D. New York.

Sept. 5, 1987.

Laurence Berger, Great Neck N.Y., for Tolga Oil.

Melih Dogan, New York City, for Nur-Han.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

The alleged jurisdictional basis of these consolidated actions is the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801–2806. That statute, which protects franchise relationships, defines "franchise" as:

any contract—
(i) between a refiner and a distributor,
(ii) between a refiner and a retailer,
(iii) between a distributor and another distributor, or

(iv) between a distributor and a retailer, under which a refiner or distributor (as the case may be) authorizes or permits a retailer or distributor to use, in connec-

tion with the sale, consignment, or distribution of motor fuel, a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such use.

15 U.S.C. § 2801(1)(A). A "refiner" is "any person engaged in the refining of crude oil to produce motor fuel, and includes any affiliate of such person." *Id.* § 2801(5).

The evidence adduced at the trial of this matter established that Nur-Han entered into a lease agreement with Tolga Oil. The contract provided that Nur-Han would operate a gasoline station in East Meadow, New York under the brand name "Pilot." This trademark is owned by Pilot Petroleum Association, Inc. The testimony was undisputed that Pilot Petroleum does not refine crude oil into motor fuel, but rather is simply a distributor of gasoline.

Because the trademark at issue here is not that of a refiner, the dispute "is not within the PMPA's plain terms," *Checkrite Petroleum, Inc. v. Amoco Oil Co.,* 678 F.2d 5, 8 (2d Cir.), *cert. denied,* 459 U.S. 833, 103 S.Ct. 74, 74 L.Ed.2d 73 (1982). Nur-Han—which as defendant removed Tolga's state court action to this court and as plaintiff commenced a separate action here—bears the burden of establishing federal subject-matter jurisdiction, *see Georgiades v. Martin-Trigona,* 729 F.2d 831, 833 (D.C.Cir.1984), and has introduced nothing to support it. Tolga's motion to dismiss is granted.

SO ORDERED.