Elizabeth DOLE, Secretary of the
United States Department of
Labor, Plaintiff,

v.

Stephen J. HANSBROUGH, Alvin F.
Towle, and Dart Drug Stores,
Inc., Defendants.

Civ. A. No. 89–0798–OG.

United States District Court,
District of Columbia.

Jan. 23, 1990.

William W. Taylor, Jordana Wilson, U.S.
Dept. of Labor, Office of the Solicitor,
Washington, D.C., for plaintiff.

Gary M. Ford, Thomas S. Gigot, Groome
& Nordberg, Washington, D.C., for defendants Stephen J. Hansbrough and Alvin F.
Towle.

Michael R. Klein, David M. Becker, Robert T. Swanson, Wilmer, Cutler & Pickering, Washington, D.C., for defendant Dart
Drug Stores, Inc.

## MEMORANDUM ORDER

GASCH, District Judge.

This matter is before the Court on the Motion of Dart Drug Stores, Inc. for a Stay of Proceedings. For the reasons that follow, the Court denies the motion.

This is an action brought by the Secretary of Labor ("Secretary") pursuant to her authority under § 502(a)(2) & (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The defendants in this lawsuit are Dart Drug Stores, Inc. ("Dart"), Stephen J. Hansbrough, and Alvin F. Towle. The Secretary alleges that defendants Hansbrough and Towle, former officers and directors of Dart, violated their fiduciary responsibilities to the Dart Drug Stores Employees' Profit Sharing Plan ("the Plan") in connection with the Plan's purchase, for $3.5 million, of securities issued by Dart. The Secretary further alleges that defendant Dart is liable to rescind the Plan's purchase of the securities and to restore any losses to the Plan.

On August 8, 1989, after this action was filed, Dart filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Maryland. On October 10, 1989, Dart filed the instant motion for a stay of all proceedings against it. Dart asks that the Secretary's action be stayed on two independent grounds: by virtue of the automatic stay provisions of § 362(a) of the Bankruptcy Code, and by virtue of this Court's inherent authority to control its own docket. The Secretary and defendants Hansbrough and Towle oppose Dart's motion for a stay, arguing that this action is exempt from the automatic stay provisions of the Bankruptcy Code.

■ As a general rule, a debtor's bankruptcy petition results in an automatic stay of all claims or proceedings against the debtor. 11 U.S.C. § 362(a). There are, however, exceptions to this rule. In particular, a debtor is not entitled to an automatic stay of an action commenced "by a governmental unit to enforce such governmental unit's police or regulatory power." *Id.* § 362(b)(4). The apparent purpose of this exception is to prevent the "endangerment of the public that would result from permitting a bankrupt to avoid statutes and regulations enacted in furtherance of governmental police powers." *United States v. Standard Metals Corp.*, 49 B.R. 623, 625 (D.Colo.1985).

■ In applying § 362(b)(4), courts have distinguished actions of governmental agencies brought to protect the agency's pecuniary interests from those intended to carry out the agency's regulatory or police power. Where the agency's sole concern in a given proceeding is to protect the government's pecuniary interests, such an action remains subject to an automatic stay under § 362(a). *E.g., In re State of Missouri*, 7 B.R. 974, 980–81 (E.D.Ark.1980), *aff'd*, 647 F.2d 768 (8th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982). In contrast, where the agency is acting to enforce its police or regulatory powers, the bankrupt defendant is not entitled to an automatic stay of the proceedings against it. *E.g., NLRB v. Evans Plumbing Co.*, 639 F.2d 291, 293 (5th Cir. 1981).

■ The Court concludes that the Secretary in this case is exercising her "police or regulatory power," thereby exempting this case from the automatic stay imposed by § 362(a). Although the instant motion raises an issue of first impression in this Circuit, as the parties point out, at least three courts have considered the precise issue raised. These courts have uniformly held that an enforcement action by the Secretary of Labor under ERISA constitutes the exercise of "police or regulatory power" within the meaning of § 362(b)(4), and that the automatic stay provision of § 362(a) does not apply. *See Secretary of Labor v. Incor, Inc.*, 10 Employee Benefits Cas. (BNA) 2661, 2664 (Bankr. 9th Cir.1988); *McLaughlin v. Craig*, 10 Employee Benefits Cas. (BNA) 1437, 1440 (N.D.Tex.1988); *Donovan v. Porter*, 584 F.Supp. 202, 206–07 (D.Md.1984). The Court finds that the rationale of those decisions is sound.

Dart insists that the Secretary in this case seeks primarily to protect the government's pecuniary interests. The Court re-

mains unconvinced. Initially, it is questionable whether the government is exerting any pecuniary interest at all in this lawsuit. Although the Secretary seeks to adjudicate the rights of the Plan's beneficiaries, any monetary amounts recovered will benefit those beneficiaries, and not the government. More important, suits such as this one were clearly intended to further an important public policy. They were intended to secure more than just private rights. This is reflected in the statutory language of ERISA, where Congress stated that employee benefit plans are "affected with a national public interest." 29 U.S.C. § 1001. In other words, "actions brought by the Secretary to enforce provisions of ERISA are actions to effectuate public policy, and incidental benefits from the enforcement of the Act should not convert such enforcement from one of public policy to one characterized as an adjudication of individual rights." *McLaughlin*, 10 Employee Benefits Cas. at 1439. Since this action falls within the exemption established by § 362(b)(4), a stay is accordingly unwarranted.

■■■ As an alternative to a stay under the Bankruptcy Code, Dart requests that this Court grant a stay by exercising its equitable powers. As Dart concedes, in order to establish that such a discretionary stay is warranted Dart must "'make out a clear case of hardship or inequity in being required to go forward.'" *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C.Cir.1971), *quoting Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936). The Court concludes that Dart has failed to make a showing that it will suffer inequitable hardship. Although Dart will now be required to incur the expense and inconvenience of litigation, litigation expenses alone do not justify a stay of proceedings that are otherwise exempt from a stay under the Bankruptcy Code. *Equal Employment Opportunity Comm'n v. Rath Packing Co.*, 787 F.2d 318, 325 (8th Cir.), *cert denied*, 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986). Moreover, in any event this case will proceed against defendants Hansbrough and Towle. Granting Dart's request for a stay would both prejudice the defense of Hansbrough and Towle and needlessly disjoint this case.

WHEREFORE, upon consideration of the Motion of Dart Drug Stores, Inc. for a Stay of Proceedings, Defendants' respective Oppositions thereto, and the entire record herein, it is by the Court this 23rd day of January, 1990,

ORDERED that Dart's Motion for a Stay of Proceedings be, and hereby is, denied.