**K C TINDALL, in the matter of appeal of Vermont Special Education Due Process Case No. 99–12 K.T., parent and next friend of Kyle Tindall, Plaintiff,**

**Dianne Tindall, in the matter of appeal of Vermont Special Education Due Process Case No. 99–12 K.T., parent and next friend of Kyle Tindall, Plaintiff–Appellant,**

v.

**POULTNEY HIGH SCHOOL DISTRICT, Rutland Southwest Supervisory Union, Defendants–Appellees,**

**Vermont Department of Education, Defendant.**

**Poultney High School District, Rutland Southwest Supervisory Union, Counter–Claimants,**

v.

**Dianne Tindall, K C Tindall, Counterclaim–Defendants.**

**Vermont Department of Social and Rehabilitation Services, Movant.**

**Docket No. 03–7650.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 17, 2005.

Decided: July 5, 2005.

---

Dianne Tindall, pro se, Middlebury, VT, for herself and her son, Kyle Tindall.

Patti R. Page, Stitzel, Page & Fletcher, P.C., Burlington, VT, for Defendants–Appellees.

Before: OAKES, KEARSE, and SACK, Circuit Judges.

KEARSE, Circuit Judge, concurs in part and dissents in part in a separate opinion.

## BACKGROUND

SACK, Circuit Judge.

In September 2000, K.C. Tindall and Dianne Tindall, parents of Kyle Tindall, a minor, brought an action against the defendants under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1983. In April 2001, following the dismissal by the district court (Jerome J. Niedermeier, *Magistrate Judge*[1]) of two counts of the original complaint, the plaintiffs filed a second amended complaint containing ten counts, including several claims brought on behalf of Kyle. Counts I and IV were dismissed with prejudice by stipulation in November 2001. After Counts IX and X were voluntarily withdrawn by the plaintiffs, the district court, in an opinion dated January 15, 2002, on the defendant's motion for judgment on the pleadings—which the court converted to a motion for summary judgment—dismissed Counts VI through X of the amended complaint. Among those counts, Count VI (invasion of privacy) and Count VII (misrepresentation) were claims on Kyle's behalf.

Two weeks later, the Tindalls' counsel moved to withdraw. The court granted the motion, ordering the Tindalls to find other counsel or appear *pro se*. Ms. Tindall entered an appearance *pro se* and also filed a motion for reconsideration of the order allowing her counsel to withdraw, as well as several motions requesting more time to find new counsel. Noting that Ms. Tindall could not represent her son Kyle *pro se*, the court granted an extension until August 15, 2002, to retain or request appointment of counsel for Kyle.

In an opinion dated September 24, 2002, the district court dismissed, without prejudice, Counts II and V, which had been brought on behalf of Kyle, on the basis that Ms. Tindall could not represent her son *pro se*. The court noted that Ms. Tindall had been unable to retain a lawyer to represent Kyle despite being granted extensions of time to do so. The court pointed out that although Ms. Tindall asserted that her inability to retain counsel resulted from financial constraints, a court may award attorneys' fees to parents of a disabled child if he or she prevails under IDEA. In addition, the court found that Kyle failed to meet the standard for the appointment of counsel at public expense. Subsequently, in an opinion dated May 19, 2003, the court also granted summary judgment to the defendants, and denied summary judgment to the plaintiff, as to Count III, which alleged that Ms. Tindall had been discriminated against based on her disability, resulting in injury to Kyle. The court found that the record did not show that Ms. Tindall had suffered any harm, and further noted that the claim of injury as to Kyle was the same as the one alleged in previously dismissed counts of the original complaint. Ms. Tindall appeals, representing herself and purporting to represent her son Kyle.

## DISCUSSION

We review a district court's grant of a motion to dismiss or for summary judgment *de novo*, accepting the plaintiff's allegations as true when considering the motion to dismiss, and drawing all factual inferences in favor of the non-moving party for purposes of summary judgment, *see Sharpe v. Conole*, 386 F.3d 482, 483–84 (2d

---

1. The parties consented to have Magistrate Judge Niedermeier conduct all proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c).

Cir.2004), or, when cross-motions for summary judgment are filed, "against the party whose motion is under consideration," *Boy Scouts of Am. v. Wyman,* 335 F.3d 80, 88 (2d Cir.2003) (internal quotation marks and citation omitted), *cert. denied,* 541 U.S. 903, 124 S.Ct. 1602, 158 L.Ed.2d 244 (2004). "Summary judgment is appropriate only when 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.,* 386 F.3d 158, 163 (2d Cir.2004) (quoting Fed.R.Civ.P. 56(c)).

■ Upon review of the record and the applicable law, we affirm the district court's grant of summary judgment as to Count VIII, alleging "defamation of character," brought by Ms. Tindall on her own behalf. The court correctly concluded that this claim, which accrued in 1997 when the alleged defamatory statements were made, was barred by the applicable three-year statute of limitations. *See* Vt. Stat. Ann. tit. 12, § 512(3). We also affirm the district court's grant of summary judgment as to the claims under Count III pertaining to Ms. Tindall, because the evidence she proffered does not support her claim that she was harmed in this way. Furthermore, because Counts IX and X were voluntarily withdrawn by the plaintiffs and Counts I and IV were dismissed by stipulation, they are not before us.

■ As to the counts brought on behalf of Kyle Tindall that have been dismissed, namely Counts II, V, VI, VII and part of Count III, we defer our decision for the limited purpose of permitting counsel to be retained to represent him before us. "The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed.R.Civ.P. 17(b), cannot determine their own legal actions." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990).[2] And although "[l]itigants in federal court have a statutory right to choose to act as their own counsel," *Machadio v. Apfel,* 276 F.3d 103, 106 (2d Cir.2002) (citing 28 U.S.C. § 1654), "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause,'" *id.* (quoting *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998)). It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child. *See Cheung,* 906 F.2d at 61 (a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child in federal court); *Wenger v. Canastota Cent. Sch. Dist.,* 146 F.3d 123, 124–25 (2d Cir.1998) (per curiam) (same), *cert. denied,* 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 363 (1999); *see also Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.,* 297 F.3d 195, 201 (2d Cir.2002) (noting that "[i]n this Circuit, a non-attorney parent is precluded from representing his or her child in federal court" and that the district court should have ordered *pro se* plaintiff who prevailed in district court when represented by a parent, and was represented by counsel on appeal, to obtain counsel in the district court, although finding no reversible error under the circumstances of the case, *see infra,* footnote 4). The rule is primarily based on protection of the legal interests of the minor and the impropriety of a person who is not a member of the bar representing another person in court proceedings. *See Cheung,* 906 F.2d at 61 ("[I]t is not in the interests of minors or

---

**2.** *Cheung* was referring to New York State law. The parties have not told us what the law of Vermont is in this regard.

incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.")

■ The broad language of our decisions, as discussed above, and the reasons for it suggest that the principle ordinarily must hold in our Court on appeal. *Cf. Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir.1986) (per curiam) (extending the rule that "an individual may appear in the federal courts only *pro se* or through counsel" to the appellate court—even though "the Federal Rules of Appellate Procedure and [the Seventh] Circuit's Rules are silent as to whether non-lawyers may represent anyone other than themselves"—and striking the appearance and brief of a non-lawyer purporting to represent the appellant); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C.Cir. 1984) (concluding that defendant-appellant's son, who was "not a member of the bar of any court," was "not qualified to appear in the District Court or in [the Court of Appeals] as counsel for others").[3]

We pause to note, however, that the rule is not quite as absolute as it may seem. *See Machadio*, 276 F.3d at 107 ("[A] non-attorney parent may bring an action on behalf of his or her child without representation by an attorney," "[w]here a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings a[ ] [Supplemental Security Income] appeal [from a decision by an administrative law judge] on behalf [of] his or her children has a sufficient interest in the case and meets basic standards of competence."); *Murphy*, 297 F.3d at 201 (declining to vacate, on appeal in which minor was represented by counsel, the district court's judgment in favor of a minor represented there by his non-lawyer parents).[4] We further note that some of the same factors that were present in *Machadio*—such as the intertwining of the interests of the parent and the child—are arguably present here.

In our view, the rule that a parent may not represent her child should be applied gingerly. In light of the fact that a minor is unlikely to be able to represent him— or herself,[5] the rule appears to create a spe-

---

3. The Federal Rules of Civil Procedure provide that the representative of an infant "may sue or defend on behalf of [him or her]," Fed.R.Civ.P. 17(c), and the Federal Rules of Appellate Procedure provide that "[a] pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse and minor children (if they are parties), unless the notice clearly indicates otherwise," Fed. R. App. P. 3(c)(2). We do not read either provision to imply that a non-lawyer parent can represent a minor child in federal court proceedings. *See, e.g., Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir.1998) ("[U]nder Rule 17(c), a representative or guardian 'may sue or defend on behalf of the infant.' It is, however, well-established ... that the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court.")

4. The Court concluded:

   Although we agree that the district court should have ordered plaintiffs to obtain counsel, we do not find reversible error on these facts. The animating purpose behind the *Cheung* rule is to protect the interests of minor children by ensuring they receive adequate representation. 906 F.2d at 61. It is hardly in the best interest of [the minor plaintiff] to vacate an injunction that inures to his benefit so that he may re-litigate this issue below with licensed representation in order to re-secure a victory already obtained.

   *Murphy*, 297 F.3d at 201.

5. Our observation in *Cheung*, 906 F.2d at 61, quoted above, that "[t]he choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed.R.Civ.P. 17(b), cannot determine their own legal actions," suggests

cial class of litigants—minors—who, rather like corporations, *see Cheung*, 906 F.2d at 61, cannot pursue an appeal in this Circuit without engaging professional counsel to do so for them. This seems to us to be in some tension with the general notion that a person may appear in court without the benefit (or expense) of professional assistance. *See O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 867 (2d Cir.1982) (noting that the right to self-representation is one of "high standing," with deep historical roots, reflecting values of freedom and self-reliance), *quoted in Cheung*, 906 F.2d at 61. We, in particular, have honored that principle by granting all non-incarcerated, *pro se* litigants the ability to argue orally their appeals before us.

■ Although the rule stems largely from our desire to protect the interests of minors, *see Cheung*, 906 F.2d at 61; *Murphy*, 297 F.3d at 201, we think it may, in some instances, undermine a child's interest in having claims pursued for him or her when counsel is as a practical matter unavailable. Indeed, although the general rule serves the salutary purpose of making competent representation of children more likely, in some cases—perhaps in the appeal before us—it may force minors out of court altogether. While the *Cheung* court noted that "[t]o allow guardians to bring *pro se* litigation also invites abuse," 906 F.2d at 61, not allowing guardians to do so—if they are regarded by the court as reasonably competent in this regard—may thus result, in some instances, in unredressed violations of children's rights or interests. We think, also, that generally permitting guardians to bring litigation on

behalf of minors employing counsel of the guardians' choice can also sometimes invite "abuse" of the type referred to in *Cheung*. But we conclude that our cases prohibiting non-lawyer parents from representing their children apply to appeals to this Court and are too broad and too clear to permit us to hear Kyle's appeal—irrespective of our judgment as to whether his mother would be capable of doing so—unless and until he is represented by counsel.

■ We feel constrained to advise the parties that it does not appear to us on the face of the claims brought on behalf of Kyle that the appeal with respect to those claims is of likely merit; as to Counts II and V, the fact that he was not represented by counsel in the district court at the time that they were dismissed may alone be sufficient basis for their dismissal. In a surplus of caution, however, we will hold our consideration of the appeal with respect to the claims on Kyle's behalf in abeyance. If, within forty-five days after the date hereof, counsel for Kyle files an appearance for him in this appeal, we will proceed to decide the appeal with such briefing and argument as the Court shall order. If such counsel does not so appear, we will dismiss the appeal with respect to the remaining claims for want of such counsel.

We repeat that the purpose of this ruling is to preserve Kyle's ability to pursue this appeal. Neither he nor his parents should infer from our action that we are of the view that he has substantial prospects

---

that a minor—at least one whose conduct is governed by New York State law as was the plaintiff in *Cheung*—cannot represent him– or herself in federal court. Without ruling out that possibility as a matter of law, *see Spangler v. Pasadena City Bd. of Educ.*, 537 F.2d 1031, 1035 n. 6 (9th Cir.1976) ("It may well

be that the district court could conclude that the minor could represent himself."), however, we think it is in any event exceedingly unlikely that a minor plaintiff would have the competence him– or herself to appear *pro se* on appeal.

for success on appeal if one is properly pursued.

## CONCLUSION

The judgment of the district court is affirmed as to the dismissal of Count III, insofar as it pertains to Ms. Tindall directly, and Count XIII. Counts I, IV, IX, and X have been dismissed by the plaintiffs and are therefore not before us. We withhold our decision with respect to the Counts containing claims made on behalf of Kyle Tindall for the reasons, in the manner, and on the conditions set forth above.

KEARSE, Circuit Judge, concurring in part and dissenting in part.

I concur in so much of the majority opinion as affirms the judgment of the district court. However, I dissent from that part of the opinion that invites plaintiff-appellant Dianne Tindall ("Ms. Tindall") to obtain counsel at this stage for her son Kyle, a minor who cannot appear *pro se,* and who cannot be represented simply by Ms. Tindall because she is not an attorney, *see* 28 U.S.C. § 1654.

First, I am hard-pressed to see what an attorney could argue that could properly lead us to overturn the dismissal of Kyle's claims by the district court. At an early stage of the case, when the Tindalls were represented by counsel, some of Kyle's claims were dismissed on the pleadings; after counsel withdrew (notwithstanding the availability of attorneys' fees if plaintiffs were to prevail on the undismissed statutory claims), Kyle's remaining claims were eventually dismissed because Kyle was not represented by counsel. *See generally Cheung v. Youth Orchestra Foundation of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir.1990) ("non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child"; minors

"are entitled to trained legal assistance so their rights may be fully protected"). After counsel withdrew in the present case, the district court instructed Ms. Tindall on the need to obtain counsel for Kyle and gave her repeated extensions of time to do so. After a period of some six months, Ms. Tindall still had not obtained counsel. Although she told the district court that she could not afford to pay counsel, the court found that the Tindalls' financial circumstances did not qualify them for court-appointed counsel, a finding that Ms. Tindall did not challenge on this appeal. The majority states that

> it does not appear to us on the face of the claims brought on behalf of Kyle that the appeal with respect to those claims is of likely merit; as to Counts II and V, the fact that he was not represented by counsel in the district court at the time that they were dismissed may alone be sufficient basis for their dismissal.

Majority Opinion *ante* at 286. I agree.

I do not agree with the majority's suggestion, citing *Machadio v. Apfel,* 276 F.3d 103, 106–07 (2d Cir.2002), and *Murphy v. Arlington Central School District Board of Education,* 297 F.3d 195, 201 (2d Cir.2002), that the rule that a child may not be represented by a nonattorney parent is a flexible one. Although in *Machadio* we upheld the district court's ruling allowing a nonattorney parent to represent her child in challenging the denial of Supplemental Security Income ("SSI") benefits, we noted not only that the interests of the parent and the child were intertwined, but also that a nonattorney parent's representation of her child in proceedings before the Social Security Administration is permitted by regulation, *see* 20 C.F.R. § 416.1505(b). Thus, our decision in *Machadio* was "informed by both Congress's judgment as indicated in [42 U.S.C.] section 406 and the

Commissioner's implementing regulations, that non-attorneys who meet the standards of 20 C.F.R. § 416.1505 have the basic competence needed to represent claimants in proceedings involving the denial of SSI benefits—apparently reflecting a view that such proceedings do not necessarily present the complexities present in other kinds of actions." *Machadio,* 276 F.3d at 107.

And in *Murphy,* we did not indicate that there was any flexibility in the rule that a nonattorney parent cannot represent her minor child; rather we affirmed because the error, *see* 297 F.3d at 201 ("the district court should have ordered plaintiffs to obtain counsel"), was harmless. Although the minor plaintiff had been represented only by his nonlawyer parents, the minor had in fact prevailed. Thus, we held that the error was "not … *reversible* error." *Id.* (emphasis added).

Nor do I agree with the majority's view that "the rule that a parent may not represent her child *should* be applied gingerly," Majority Opinion *ante* at 285 (emphasis added). And I certainly would not implement such a view where, as here, the district court has made an unchallenged determination that the parent's financial circumstances would permit the retention of counsel.

In sum, I would simply dismiss Kyle's appeal. As much as I sympathize with the desire to have the merits of Kyle's claims assessed on appeal, in my view the suggestion that Ms. Tindall should hire an attorney for Kyle at this point, to pursue an appeal that we all agree is likely meritless, simply invites the diversion of family funds from other needs and thereby, instead of furthering Kyle's interests, likely does him a disservice.