### IN RE: Abdulkadir H. MOHAMED, Debtor

### Sharon V. Douglas, Appellant,

v.

### Cynthia Niklas, Appellee.

Civil Action No. 14–413 (JDB)
Bankruptcy No. 13–641

United States District Court, District of Columbia.

Signed 03/31/2014

Sharon V. Douglas, Washington, DC, pro se.

Cynthia A. Niklas, Washington, DC, pro se.

### ORDER

JOHN D. BATES, United States District Judge

This case is an appeal from the Bankruptcy Court's order dismissing debtor Abdulkadir H. Mohamed's petition for bankruptcy (Bankruptcy No. 13–641). The named appellant, Sharon V. Douglas, filed [4] an Emergency Motion to Enjoin and Enforce a Stay. The entirety of that motion states as follows: "The Appellant Abdulkadir H. Mohamed hereby request[s] enforcement of a stay to enjoin the Newport Condominiums from conducting a foreclosure on the subject property scheduled for 4/1/14, as this case is currently undergoing appeal." Consequently, it appears that Douglas, although listed as the appellant in this matter, is actually operating as a representative for Abdulkadir H. Mohamed, the debtor in the bankruptcy matter below. Douglas has not indicated that she is a member of the bar of this Court or any other. Although she may appear pro se to represent herself, she is not qualified to appear in the District Court as counsel for others. Georgiades v. Martin–Trigona, 729 F.2d 831, 834 (D.C. Cir. 1984). And Mohamed does not have a right to be represented by a person not admitted to the bar. Id. at 834 n.7; see also 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added). Hence, Douglas' motion on behalf of Mohamed will be denied.

■ Moreover, although generally "a debtor's bankruptcy petition results in an automatic stay of all claims or proceedings against the debtor," Dole v. Hansbrough, 113 B.R. 96, 97 (D.D.C. 1990) (citing 11 U.S.C. § 362(a)), any stay in the underlying bankruptcy action here was terminated when Mohamed's bankruptcy petition was dismissed. See 11 U.S.C. § 362(c)(2). Currently, there is no stay in place, and Mohamed has not sought a stay from the Bankruptcy Court. See Fed. R. Bankr. P. 8005 ("A motion for a stay of the judgment, order, or decree of a bankruptcy judge, . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance."). Appealing the dismissal of a bankruptcy petition is not automatic cause for a stay, and Mohamed has not provided information sufficient for this Court to impose a stay. See Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977) (explaining the stringent standards for a stay pending appeal). Furthermore, he has not indicated why the requested relief was not obtained from the Bankruptcy Court, as required. See Fed. R. Bankr. P. 8005 ("A motion for [a stay], or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge.").

Accordingly, it is hereby **ORDERED** that [4] the Emergency Motion to Enjoin and Enforce a Stay is **DENIED.**

**SO ORDERED.**