# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-5211**

**September Term, 2021**

**1:21-cv-01750-APM**

**Filed On:** February 24, 2022

Christopher Thieme,

      Appellant

    v.

Merrick B. Garland, in his official capacity as
Attorney General of the United States, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Wilkins, Rao, and Jackson, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant.  See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's order filed August 3, 2021, dismissing appellant's complaint for lack of jurisdiction, be affirmed.  The district court correctly concluded that the declaratory relief appellant sought was essentially in the nature of habeas, and must therefore be pursued in the district court that imposed the underlying sentence.  See 28 U.S.C. § 2255(a); see also Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (noting that it is "well-settled that a prisoner seeking relief from his . . . sentence may not bring an action" for injunctive and declaratory relief as a means to challenge his sentence);  LoBue v. Christopher, 82 F.3d 1081, 1083 (D.C. Cir. 1996) (rejecting efforts to "manipulate the preclusive effect of habeas jurisdiction").  With respect to appellant's additional claim for prospective injunctive or mandamus relief applicable to future criminal prosecutions, appellant has not demonstrated that he has standing to seek such prospective relief on his own behalf.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (party seeking to establish standing must show a "concrete and particularized" injury that is "likely [to be]

redressed by a favorable decision").  Nor has he shown that he was authorized to seek such relief on behalf of other parties.  See 28 U.S.C. § 1654; Georgiades v. Martin-Trigona, 729 F.2d 831, 834 (D.C. Cir. 1984) (pro se party may not plead on behalf of other parties); LoBue, 82 F.3d at 1085 (holding that plaintiffs "cannot overcome their jurisdictional infirmities . . . by reference to the characteristics of putative class members – a class uncertified at the time the jurisdictional issue should have been resolved").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk