# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

RAJ K. PATEL,                          )
                                       )
        Plaintiff,             )
v.                                     )    Civil Action No.  1:22-cv-03302 (UNA)
                                       )
UNITED STATES, *et al.*,               )
                                       )
                                       )
        Defendants.            )

## MEMORANDUM OPINION

Before the court is plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant plaintiff's *in forma pauperis* application and dismiss the case because plaintiff has failed to establish subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that it lacks subject matter jurisdiction).

Plaintiff sues the United States, United States Secretary of Homeland Security, United States Citizenship and Immigration Services and its Director, the United States Attorney for the District of Columbia, and the United States Secretary of State.  He challenges the constitutionality of the government's policies relating to "naturalized" citizens, as compared to "natural-born" citizens.  He broadly alleges that "[u]nder the current regime, naturalized citizens may practice and unconstitutionally overpower natural-born citizens in State matters. The same is true in families with children who are natural born Americans and whose parents are naturalized citizens. The United States must redo its immigration policy."  Plaintiff, who is a natural-born citizen, essentially argues that many more immigrants should be considered natural-born citizens, and vaguely contends that he has "people of [his] kin waiting to be admitted to the United States," who should be deemed natural-born citizens by virtue of their relationship to him.

Under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted).

Based on the allegations presented, only naturalized citizens, not natural-born citizens, are suffering injustices; as plaintiff is a member of the latter group, he has suffered no injury and thus lacks standing to bring such a claim. And despite having referenced potentially affected family members, as a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). Furthermore, even if plaintiff were a naturalized citizen or applicant for citizenship, the facts presented are quite unspecific, and where the asserted harm is a "generalized grievance" shared in substantially equal measure by many others, that harm alone normally does not warrant exercise of jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

Consequently, this case will be dismissed without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

DATE: November 28, 2022         \_\_\_\_/s/_____
                        JAMES E. BOASBERG
                        United States District Judge