# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RONALD HILLIS, *et al.*,      )
                  )
        Plaintiffs.      )      Civil Action No.  1:23-cv-02016 (UNA)
                  )
                  )
        v.            )
                  )
                  )
OREGON BAR ASSOCIATION, *et al.*,   )
                  )
        Defendants.    )

## MEMORANDUM OPINION

Plaintiffs Ronald Hillis and Calvin Griffin are both Louisiana state inmates appearing *pro se*, who have together filed a civil complaint, ECF No. 1. Hillis has filed an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant Hillis's IFP application and dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

At the outset, the court notes that only Hillis has filed an IFP application and the required associated financial information, *see* ECF No. 3; Griffin has neither filed an IFP application nor paid the associated civil filing fee. So Griffin cannot proceed as a party in this case. *See* 28 U.S.C. §§ 1914, 1915(a)–(b). But even if he could, the case must be dismissed.

Plaintiffs sue the Louisiana and Oregon State Bar and attempt to bring this matter as a *qui tam* action. They also attempt to bring this matter a class action. They allege that defendants have conspired and engaged in "organized crime," in violation of multiple state, federal, and international laws, statutes, and treaties, due to their members' alleged failures to advise "[t]housands of state prisoners" of their "right of [federal] removal for cause." They demand an order directing defendants to

remit a listing of all trial attorneys, and defendants who were arraigned on criminal charges . . . within their jurisdiction between May 22, 1972, and January 1, 2019, with stipulations of notice of right to removal, right of removal on the face of the records; and with stipulations as to the due-process of the right of/to remove; and remit a listing of all trial judges and prosecutors with waiver of right of removal waiver forms of colloquy transcripts where those criminal defendants waived their right to trial by jury in any United States District Court wherein the prosecution was State initiated.

*First*, plaintiffs are prohibited from filing a *qui tam* action. Whistleblowers are generally authorized to bring a *qui tam* actions under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3732, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). More specifically, the FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730.

In federal courts a plaintiff generally "may plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654, but in a *qui tam* action, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015), therefore, a "*pro se* plaintiff may not file" on its behalf. *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases).

*Second*, plaintiffs may not bring this matter as a class action because, as noted above, a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any

court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Put simply, plaintiffs have neither a constitutional nor a statutory right to pursue the claims of the United States, or on behalf of the other prisoners, without counsel.

*Third*, venue is in this district is improper. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Here, the defendants live in Oregon and Louisiana, respectively, and none of the alleged events giving rise to this case occurred in the District of Columbia. *See* 28 U.S.C. § 1406(a).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Date: 7/31/23