# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ADAM STREGE,                                   )
                                               )
                Plaintiff,                     )
                                               )   Civil Action No. 1:23-cv-03437 (UNA)
v.                                             )
                                               )
FBI, *et al.*,                                 )
                                               )
                Defendants.                    )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a complaint, ECF No. 1 ("Compl."), and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case for the reasons discussed below.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Las Cruces, New Mexico, sues the FBI and three of its officials, as well as "Uranium One," for $40 million in damages. *See* Compl. at 1, 3; Civil Cover Sheet ("CCS"), ECF No. 1-1. In addition to failing to comply with Federal Rule of Civil Procedure 10(a)-(b), and D.C. Local Civil Rule 5.1(c)(1), (d), and (g), the complaint is difficult to track. It appears to begin as a challenge to an arrest and charges filed against Plaintiff, ultimately dismissed, in the U.S. District Court for the District of Puerto Rico. *See* Compl. at 2-4; Compl. Exhs., ECF No. 1-3. But the supporting facts, to the extent that they can be described as such, are bizarre and

digressive.  Plaintiff believes that Defendants have, *inter alia*, engaged in a widespread "[c]onspiracy to [c]ommit [g]enocide and war crime[s]," under Canadian law, and that, in doing so, Defendants have executed various fantastic acts of wrongdoing, including, for example,

> conceal[ing] putting Human Body Parts in Hamburger, Human Hearts in Nuclear Fuel, Human Hearts in Nuclear Missiles, Putting Spent Nuclear Fuel and Uranium in Peoples Food and semen sperm in Nuclear Missiles triggers Covid 19 semen in 2 nuclear reactors under World Trade Center Collapse and FBI website states that Adam Strege is being prosecuted and Call the FBI Public Affairs Officer Limary Cruz-Rubio conspire to maliciously false arrest Adam again.

*Id.* at 1-2.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." (cleaned up)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Therefore, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or where the plaintiff "postulat[es] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.  The instant complaint falls squarely into this category and thus must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court also notes that Plaintiff has attempted to file this matter as a class action, *see* CCS, which he cannot do.  A *pro se* litigant can represent only himself in federal court.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own

cases personally or by counsel . . . ."); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (explaining that an individual who is "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in . . . [federal] court as counsel for others"); *see also United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class"), *aff'd sub nom. Rockefeller ex rel. United States v. Wash. TRU Sols. LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).

Consequently, this case is dismissed without prejudice. Plaintiff's motion for CM/ECF access, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: November 30, 2023

/s/_____
ANA C. REYES
United States District Judge