# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GARRY DAVID GALLARDO, et al.,    )
        )
    Plaintiffs,    )
        )
    v.       )    Civil Action No. 1:25-cv-02886 (UNA)
        )
        )
        )
DONALD J. TRUMP, et al.,    )
        )
    Defendants.    )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiffs' Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons explained below, the IFP application is granted <u>only</u> as to Plaintiff Garry David Gallardo, and this matter is dismissed without prejudice.

Plaintiff Gallardo is a federal prisoner designated to FCI Hazelton, and he attempts to bring this matter as a class action on behalf of approximately 91 other fellow inmates, and yet more unnamed plaintiffs, in contravention of Local Civil Rule 5.1(c), (g). *See* Compl. at 1–7.

At the outset, the Court denies the IFP Application as to all party Plaintiffs, excepting Gallardo. Congress enacted the Prison Litigation Reform Act ("PLRA") in an effort to properly determine and evaluate the propriety and merits of cases that fall under that statute. *See Chandler v. D.C. Dep't of Corr.,* 145 F.3d 1355, 1356 (D.C. Cir. 1998). Under the PLRA, *all* prisoner-litigants are responsible for contributing to the filing fee. *See Asemani v. U.S. Citizenship & Immig. Srvs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015) (citing 28 U.S.C. § 1915(b)). And for the Court to consider whether a plaintiff, prisoner or otherwise, qualifies to proceed IFP, that plaintiff

must submit *his own* IFP application, individualized to his own financial circumstances, including a sworn affidavit. *See* 28 U.S.C. § 1915(a)(1).

Here, without IFP applications individually sworn, executed, and filed separately by each Plaintiff, the Court lacks the information to assess the Plaintiffs' respective financial statuses. This is of particular importance for prisoner-plaintiffs, because the PLRA contains additional requirements, like submission of a prisoner's certified six-month trust account to pay in installments, *see* 28 U.S.C. § 1915(a)(2), and it also contains certain restrictions. For example, it bars certain prisoners from proceeding IFP under the "three-strikes rule" contained in § 1915(g), *see Asemani*, 797 F.3d at 1072. Because only Gallardo has submitted and executed the pending IFP Application, *see* ECF No. 2, and only Gallardo has filed a six-month trust account report, ECF No. 3, only Gallardo—and none of the other intended Plaintiffs—can proceed any further in this case.

In any event, the Complaint itself fails because Gallardo may not file a class action, or otherwise bring claims on behalf of the other Plaintiffs. A *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).

Even Gallardo's claims brought on behalf of himself lack merit. The Complaint asserts Gallardo's belief that Article III of the Constitution does not vest federal courts with jurisdiction to adjudicate criminal cases. *See generally* Compl. This proposition is contrary to established authority and patently frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A complaint

that lacks "an arguable basis either in law or in fact" is frivolous). The Court cannot exercise subject matter jurisdiction over a frivolous complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974).

For all of these reasons, the Court DISMISSES this case without prejudice. The Court DENIES Plaintiff's Motion to Appoint Counsel and to Certify Class Action, ECF No. 4. A separate Order accompanies this Memorandum Opinion.

Date:  December 9, 2025

/s/_____
ANA C. REYES
United States District Judge